IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAN LOVE and JOHN STEWART, § | | |
|    Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-1192 |
| § | | |
| HAJOCA CORPORATION, *et al.*, § | | |
|    Defendants. § | | |

## **MEMORANDUM AND ORDER**

Defendants in this age discrimination case filed a Bill of Costs [Doc. # 88], seeking $436.54 for costs associated with service of subpoenas and $3,887.66 for transcript costs. Plaintiffs Dan Love and John Stewart filed Objections to the Bill of Costs [Doc. # 89], and Defendants filed a Response [Doc. # 90] to Plaintiffs' Objections. Having reviewed the record and applicable legal authorities, the Court awards costs to Defendants in the amount of $3,887.66.

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). By statute, however, federal courts may award only those costs itemized in 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987); *Mota v. Univ. of Texas Houston Health Sci. Ctr.*,

261 F.3d 512, 529 (5th Cir. 2001). The Court should consider the necessity and reasonableness of the costs requested. *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257–58 (5th Cir. 1997). The Court has broad discretion in determining the appropriateness of an award of costs under Rule 54(d)(1). *See Breaux v. City of Garland*, 205 F.3d 150, 164 (5th Cir. 2000).

Plaintiffs object to Defendants' request to recover $436.54 in costs for service of subpoenas by private process servers. Absent a showing of exceptional circumstances, the cost incurred in connection with private process servers is not taxable. *See Cypress-Fairbanks*, 118 F.3d at 257; *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. June 16, 2010); *Baisden v. I'm Ready Prod., Inc.*, 793 F. Supp. 2d 970, 974 (S.D. Tex. 2011) (Lake, J.). Consequently, Plaintiffs' objection to this element of Defendants' costs is sustained.

Plaintiffs object also to Defendants request for transcript costs. This objection is overruled. The prevailing party is entitled to recover costs of original depositions and copies if "necessarily obtained for use in the trial," and it is not required that a deposition be actually introduced into evidence to meet this requirement. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). "'If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.'" *Id.*

(quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)). Whether a deposition "was necessarily obtained for use in the case" is a factual determination for the district court. *Id.*; *Soderstrum v. Town of Grand Isle*, 925 F.2d 135, 141-42 (5th Cir. 1991). The Court sees no evidence that the depositions for which Defendants seek to recover costs were merely investigatory and thus non-taxable. *See Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir. 1999). Indeed, the depositions were noticed by Plaintiffs and used by the parties in their summary judgment briefing. *See Baisden*, 793 F. Supp. 2d at 976 (taxing costs for depositions of prevailing parties' own witnesses because "the defendants had a reasonable expectation that each of these depositions would be used for trial preparation"). The Court finds that the deposition transcripts were obtained for use – and were actually used – in this case. As a result, Defendants are entitled to recover their taxable costs of $3,887.66 for transcript costs.

Based on the foregoing, it is hereby

**ORDERED** that Defendants are entitled to recover from Plaintiffs taxable costs in the amount of **$3,887.66**.

SIGNED at Houston, Texas, this 13<u>th</u> day of **November, 2013**.

Nancy F. Atlas
United States District Judge